**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IDA TUCKER, ) | |
| ) | |
| Complainant, ) | |
| ) | |
| v. ) | Case No.: 07 CV 6449 |
| ) | |
| WHELAN SECURITY OF ILLINOIS, INC., ) | Judge Wayne Anderson |
| WHELAN SECURITY COMPANY, and ) | |
| FRED ROGERS, ) | Magistrate Judge Arlander Keys |
| ) | |
| Defendants. ) | **Jury Demanded** |

**DEFENDANT FRED ROGERS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW the Defendant, FRED ROGERS by and through his attorneys, NIELSEN, ZEHE & ANTAS, P.C., and for his Answer to Count IV of Plaintiff's Amended Complaint, states as follows:

**NATURE OF THE CASE**

1.  The cause of action for Plaintiff arises under Title VII of the Civil Rights Act, 42 U.S.C. section 2000e, as amended.

**ANSWER:  Defendant Rogers admits that portions of Plaintiff's Amended Complaint are brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. section 2000e, as amended.**

2.  This court has jurisdiction over this matter pursuant to 42 U.S.C. section 2000e, 28 U.S.C. Paragraph 1331, and 28 U.S.C. 1367.

**ANSWER:  Defendant Rogers admits the allegations contained in Paragraph 2 of Plaintiff's Amended Complaint.**

## JURISDICTION AND VENUE

3. Venue in the Northern District of Illinois is proper. The claim for relief arose in this state as required by 42 U.S.C. section 2000e.

**ANSWER:** **Defendant Rogers admits the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.**

4. All conditions precedent have been fulfilled by Plaintiff, including the filing of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") of the United States Government, and a receipt of a Right-to-Sue Letter from the EEOC. (EEOC Charge and Right-to-Sue Letter attached as Exhibit A).

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.**

## PARTIES

5. Plaintiff is female and a resident of the State of Illinois.

**ANSWER:** **Defendant Rogers admits that Plaintiff is a female. Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.**

6. Defendant, WHELAN SECURITY OF ILLINOIS, INC. is duly registered to conduct business in the State of Illinois.

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.**

7. At all times pertinent hereto, Defendant, WHELAN SECURITY OF ILLINOIS, INC. has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.**

8. Defendant, WHELAN SECURITY COMPANY, is duly registered to conduct business in the State of Illinois.

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.**

9. At all times pertinent hereto, Defendant, WHELAN SECURITY COMPANY, has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.**

10. Defendant, FRED ROGERS ("ROGERS"), is a male and a resident of Illinois.

**ANSWER:** **Defendant Rogers admits the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.**

11. That at all times relevant herein, ROGERS was employed by WHELAN SECURITY as a manager.

**ANSWER:** **Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.**

## COUNT I

### SEXUAL HARASSMENT DIRECTED AT WHELAN SECURITY COMPANY AND WHELAN SECURTIY OF ILLINOIS, INC.

The allegations in Count I are not directed toward this answering Defendant. Therefore, Defendant makes no responses thereto. However, to the extent and in the event that the allegations found in Count I can be construed as against this answering Defendant, Defendant

lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 11 through 56, including sub-parts, of Count I of Plaintiff's Complaint, and therefore, all allegations are denied.

WHEREFORE, Defendant, FRED ROGERS, respectfully requests judgment in his favor and against Plaintiff, for costs, and for any further relief deemed appropriate.

## COUNT II

### RETALIATORY DISCIPLINE, HARASSMENT, DENIAL OF OVERTIME AND INFERIOR TERMS AND CONDITIONS OF EMPLOYMENT DIRECTED AT WHELAN SECURITY COMPANY AND WHELAN SECURITY OF ILLINOIS, INC.

The allegations in Count II are not directed toward this answering Defendant. Therefore, Defendant makes no responses thereto. However, to the extent and in the event that the allegations found in Count II can be construed as against this answering Defendant, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraphs 57 through 63, including sub-parts, of Count II of Plaintiff's Complaint, and therefore, all allegations are denied.

WHEREFORE, Defendant, FRED ROGERS, respectfully requests judgment in his favor and against Plaintiff, for costs, and for any further relief deemed appropriate.

## COUNT III

### COMPLAINT OF IDA TUCKER FOR QUID PRO QUO SEXUAL HARASSMENT AND SEX DISCRIMINATION DIRECTED AT WHELAN SECURITY COMPANY AND WHELAN SECURITY OF ILLINOIS, INC.

The allegations in Count III are not directed toward this answering Defendant. Therefore, Defendant makes no responses thereto. However, to the extent and in the event that the allegations found in Count III can be construed as against this answering Defendant, Defendant lacks sufficient information or knowledge to form a belief as to the truth or falsity of

the allegations contained in Paragraphs 64 through 68, including sub-parts, of Count III of Plaintiff's Complaint, and therefore, all allegations are denied.

WHEREFORE, Defendant, FRED ROGERS, respectfully requests judgment in his favor and against Plaintiff, for costs, and for any further relief deemed appropriate.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DIRECTED AT FRED ROGERS

69. Plaintiff incorporates the preceding paragraphs by reference here.

**ANSWER:** **Defendant reaffirms and re-alleges its Answers to allegations numbered 1-68, as if fully restated herein and incorporate them herein by reference.**

70. That on or around June 23, 2006, ROGERS said to Plaintiff, "I got a picture to show you." ROGERS then proceeded to show Plaintiff a picture in his cell phone that was a graphic picture of his penis.

**ANSWER:** **Defendant Rogers admits the allegations contained in Paragraph 70 of Plaintiff's Amended Complaint.**

71. That Plaintiff was shocked and disgusted and immediately looked away and responded, "Why didn't you warn me about that picture? I don't want to see that." ROGERS just smiled in response to Plaintiff's complaint.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 71 of Plaintiff's Amended Complaint.**

72. That after ROGERS left work that day, he telephoned Plaintiff at work and asked, "Are you still speechless about my picture that I showed you?" Plaintiff told him, "I can't talk right now." and hung up the telephone.

**ANSWER:** **Defendant Rogers admits that he telephoned Plaintiff at work. Defendant Rogers denies the remaining allegations contained in Paragraph 72 of Plaintiff's Amended Complaint.**

73. That later that same night, ROGERS called Plaintiff again on her personal cell phone. This time, ROGERS asked Plaintiff, "What are you doing tonight? Do you drink?" Plaintiff told him that she was not interested in him and does not go to bars.

**ANSWER:** **Defendant Rogers admits that he called Plaintiff again. Defendant Rogers denies the remaining allegations contained in Paragraph 73 of Plaintiff's Amended Complaint.**

74. That on or around June 30, 2006, as Plaintiff was changing in the locker room, ROGERS stood close to the locker room door for an extended period of time. Plaintiff became uncomfortable by his presence because she did not want him to see her in her underwear. Plaintiff told ROGERS that he should leave that area because she had to change her clothes. He responded, "Yeah. I better go." and walked away.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 74 of Plaintiff's Amended Complaint.**

75. That later that same day, as Plaintiff was walking through the dock area, ROGERS said to Plainitiff, " I want to see you in those underwear." Plaintiff did not respond to his offensive comment and walked away as fast as she could.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 75 of Plaintiff's Amended Complaint.**

76. That also on June 30, 2006, Rogers sent the same graphic picture of his penis to Plaintiff's cell phone. After Plaintiff received this picture, she tried to avoid ROGERS as much as possible. Plaintiff became very scared of him after he sent the picture of his penis to Plaintiff's cell phone.

**ANSWER:** **Defendant Rogers admits that he sent the picture to Plaintiff's cell phone. Defendant Rogers denies the remaining allegations contained in Paragraph 76 of Plaintiff's Amended Complaint.**

77. That after rejecting his advances and resisting the harassment of ROGERS and in retaliation for same, another employee and ROGERS' close friend, BROWN, began to ridicule and harass Plaintiff daily.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 77 of Plaintiff's Amended Complaint.**

78. That on a daily basis throughout July and August of 2006, BROWN critiqued Plaintiff's work and ridiculed her in front of other employees to make it appear as though she were an unsatisfactory employee.

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of Plaintiff's Amended Complaint.**

79. That however, BROWN was not Plaintiff's supervisor and his criticisms were fabricated and inappropriate.

**ANSWER:** **Defendant Rogers admits BROWN was not Plaintiff's supervisor. Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 79 of Plaintiff's Amended Complaint.**

80. That BROWN's conduct was designed to construct a difficult and intolerable working environment for Plaintff.

**ANSWER:** **Defendant Rogers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of Plaintiff's Amended Complaint.**

81. That in July of 2006 and August of 2006, Plaintiff complained to ROGERS numerous times about BROWN's daily ridicule and treatment. ROGERS never investigated Plaintiff's allegations and complaints and said harassment continued to escalate.

**ANSWER:** **Defendant Rogers admits that Plaintiff complained to him concerning BROWN. Defendant Rogers denies the remaining allegations contained in Paragraph 81 of Plaintiff's Amended Complaint.**

7

82. That, in fact, whenever Plaintiff complained to ROGERS about BROWN, ROGERS just yelled at Plaintiff, "You need to work the problem out with Lenny yourself!"

**ANSWER:** **Defendant Rogers admits he told Plaintiff she needed to work out her differences with BROWN.  Defendant Rogers denies the remaining allegations contained in Paragraph 82 of Plaintiff's Amended Complaint.**

83. That ROGERS intentionally inflicted severe emotional distress and mental anguish on TUCKER.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint.**

84. That Defendant has acted willfully and intentionally in that he knew that TUCKER would suffer and did suffer extreme emotional and physical distress as a result of the Defendant's extreme, oppressive and unreasonable conduct.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 84 of Plaintiff's Amended Complaint.**

85. That Defendant's conduct toward TUCKER amounts to intentional infliction of emotional distress because said conduct was extreme and outrageous and beyond the bounds of moral decency that no reasonable person could be expected to endure it.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 85 of Plaintiff's Amended Complaint.**

86. That as a result, TUCKER has suffered and continues to suffer severe emotional distress, fright, physical illnesses, mental anguish, humiliation, and embarrassment.

**ANSWER:** **Defendant Rogers denies the allegations contained in Paragraph 86 of Plaintiff's Amended Complaint.**

WHEREFORE, Defendant, FRED ROGERS, denies that the Plaintiff is entitled to any relief and instead prays that the Court dismiss the Plaintiff's Complaint with prejudice, enter

judgment in favor the the Defendant and award the Defendant further relief as this Court deems appropriate.

## **JURY DEMAND**

The Defendant demands trial by jury.

**s/Joanne M. Rogers**
Jeffrey R. Zehe, ARDC 3125616
Joanne M. Rogers, ARDC #6202284
Attorneys for Defendant Rogers
NIELSEN, ZEHE & ANTAS, P.C.
55 W. Monroe Street, Suite 1800
Chicago, Illinois 60603
Telephone:   312-322-9900
Facsimile:   312-322.9977
Emails:   jzehe@nzalaw.com
          jrogers@nzalaw.com
