**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IDA TUCKER, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WHELAN SECURITY OF ILLINOIS, INC., )<br>and WHELAN SECURITY COMPANY, and )<br>FRED ROGERS, )<br>   Defendants. ) | Case No.:   07 C 6449<br><br>Judge:     Andersen<br><br>Magistrate Judge:  Keys |

**PLAINTIFF'S BRIEF IN SUPPORT OF HER MOTION TO DETERMINE THE SUFFICIENCY OF DEFENDANTS WHELAN SECURITY CO.'S AND WHELAN SECURITY OF ILLINOIS' RESPONSES TO REQUESTS TO ADMIT FACTS**

NOW COMES Plaintiff, Ida Tucker, by her undersigned attorney and for her Fed. R. Civ. P. 36(a) motion to determine sufficiency of Defendants', Whelan Security Company and Whelan Security of Illinois ("Whelan Defendants"), responses to requests to admit facts, states as follows:

<u>Introduction</u>

1. That on January 15, 2008, Plaintiff properly served Whelan Defendants with Ida Tucker's First Set of Requests to Admit Facts. (Attached as Exhibit A).[1]

2. That on February 13, 2008, Defendant Whelan Security Company responded to Ida Tucker's First Set of Requests to Admit Facts. (Attached as Exhibit B).

3. That on February 13, 2008, Defendant Whelan Security of Illinois responded to Ida Tucker's First Set of Requests to Admit Facts. (Attached as Exhibit C).

4. That on February 14, 2008, Plaintiff's counsel sent Whelan Defendants' counsel a letter requesting that Whelan Defendants amend their responses to Plaintiff's first set of requests to admit facts. (Attached as Exhibit D).

5. That on February 22, 2008, Whelan Defendants' counsel sent Plaintiff's counsel a letter stating that their responses to Requests to Admit were sufficient. (Attached as Exhibit E).

6. That on July 8, 2008, Plaintiff's counsel sent Whelan Defendants' counsel

---

[1] Defendants received identical copies of Ida Tucker's First Set of Requests to Admit Facts.

a second letter requesting that Whelan Defendants amend their responses to Plaintiff's first set of requests to admit facts. (Attached as Exhibit F).

7.  That on July 15, 2008, Whelan Defendants' counsel sent Plaintiff's counsel a letter in response again stating that their answers were sufficient. (Attached as Exhibit G).

8.  That some of Whelan Defendants' responses to requests to admit employ oxymoronic language that attempts to both express that Defendants lack sufficient information to respond to the request to admit, while also denying the truth of the same.

9.  That the following responses should either be stricken or the corresponding fact should be deemed admitted for failure to comply with Rule 36(a).

10. The offending responses are Whelan Security Company's answers to requests to admit numbers 1-5, 10-12, 24-25, 27, 31-32, and 34-35 and Whelan Security of Illinois, Inc.'s responses to requests numbers 1-5, 10-12, 24-25, 27, 31-32, and 34-35.

11. That in Whelan Security Company's responses to numbers 1-5, 10-12, 24-25, 27, 31-32, and 34-35, it repeatedly states, "After making reasonable inquiry, the information that Whelan Security Company knows, or that it can readily obtain, is insufficient to enable it to admit or deny the remaining statements, . . . and therefore, it denies the remaining statements."

12. That in Whelan Security of Illinois, Inc.'s responses to requests to admit numbers 1-5, 10-12, 24-25, 27, 31-32, and 34-35, it repeatedly states, "After making reasonable inquiry, the information that Whelan of Illinois knows, or that it can readily obtain, is insufficient to enable it to admit or deny the remaining statements, . . . and therefore, it denies the remaining statements."

13. That Whelan Defendants also used the same misleading and contradictory tactics in their answers to Plaintiff's First Amended Complaint. (Attached as Exhibit H).

14. That, for example, in Paragraph 10 of their answer to the First Amended Complaint, Whelan Defendants state that they "lack information concerning whether Rogers currently is a resident of the State of Illinois and therefore deny the remainder of Paragraph 10." Whelan Defendants employ similar oxymoronic language throughout their Answer to the First Amended Complaint in Paragraphs 12, 18-24, 32-34, 41, and 58.

15. That Whelan Defendants' tactic in providing misleading answers to both the complaint and discovery requests has created an undue burden on the Plaintiff, resulting in the waste of judicial resources as Plaintiff has been forced to continue discovery on issues that could reach a quick resolution through clear, straightforward answers to both the Complaint and Requests to Admit.

Argument

16.     That Fed. R. Civ. P. 36(a) requires that the responding party state that it lacks sufficient information to either admit or deny the statement. However it does not allow for a party to both state that it lacks sufficient information to either admit or deny and also deny the request to admit. The rule states, "the answering party may assert lack of knowledge or information *as a reason for failing to admit or deny* only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" (emphasis added).

17.     That according to *Brown v. County of Cook*, oxymoronic language that both asserts an insufficient amount of information and attempts to deny the question is improper. Case No. 06-cv-00617, R. 143, p. 3 (N.D. Ill. June 19, 2008). (Attached as Exhibit I). See also *State Farm* 199 F.R.D. 276, 278 (N.D. Ill. 2001). (Attached as Exhibit J).

18.     That in his opinion, Judge Shadur states, "How can a party that must assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)?" *Brown v. County of Cook*, Case No. 06-cv-00617, R. 143, p. 3 (N.D. Ill. June 19, 2008).

19.     Although Judge Shadur's order in *Brown v. County of Cook* involved answers to a complaint, Case No. 06-cv-00617, R. 143, p. 3 (N.D. Ill. June 18, 2008), the same reasoning can apply to requests to admit. In both situations, one answer is required. It follows that the Defendants cannot give two contradictory answers to one question by both stating they have insufficient information to form an answer, and then proceeding to give an answer in the form of a denial.

CONCLUSION

20.     In this case, Defendants cannot have it both ways; either they have sufficient knowledge to admit or deny or they do not. In the interest of judicial economy, the defendants must choose.

WHEREFORE, Plaintiff prays for an order requesting this Honorable Court to strike responses as insufficient identified in Paragraph 6 above or deem them to be unequivocal admissions, and grant such other relief as this Honorable Court deems appropriate.

                                  Respectfully submitted,
                                  Ida Tucker


                                  s/ Uche O. Asonye_____
                                  One of Her Attorneys

Uche O. Asonye- 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 21st day of July, 2008, I served a true and accurate copy of the foregoing *Plaintiff's Brief in Support of Her Motion to Determine Sufficiency of Defendants Whelan Security Co.'s and Whelan Security of Illinois' Responses to Requests to Admit* upon the following by electronically filing it with the Clerk of the Court by using the CM/ECF system, which will send notification of such filing to the following:

Alisa B. Arnoff, Esq.
Scalambrino & Arnoff, LLP
1 North LaSalle Street, Suite 1600
Chicago, Illinois 60602

                                          Respectfully Submitted,
                                          Ida Tucker,

                                          By:   s/ Uche O. Asonye
                                          One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)