# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IDA TUCKER,<br>    Plaintiff, | )<br>)<br>)    Case No.:   07 C 6449<br>) |
| v. | )    Judge:       Andersen<br>) |
| WHELAN SECURITY OF ILLINOIS, INC.,<br>and WHELAN SECURITY COMPANY, and<br>FRED ROGERS,<br>    Defendants. | )    Magistrate Judge:  Keys<br>)<br>)<br>)<br>) |

### PLAINTIFF IDA TUCKER'S FIRST SET OF REQUESTS TO ADMIT DIRECTED TO DEFENDANT, WHELAN SECURITY COMPANY

Plaintiff, Ida Tucker ("Tucker"), by her undersigned attorney and pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that Defendant, Whelan Security Company, admit the following facts:

### REQUESTS TO ADMIT

1. Admit that on June 23, 2006, Fred Rogers ("Rogers") showed Tucker a graphic picture of his penis that was on his cellular telephone.
ANSWER:

2. Admit that on June 23, 2006, Rogers telephoned Plaintiff at work and asked, "Are you still speechless about my picture that I showed you?"
ANSWER:

3. Admit that on June 23, 2006, Rogers telephoned Plaintiff again on her personal cell phone and asked Plaintiff, "What are you doing tonight? Do you drink?"
ANSWER:

4. Admit that on June 30, 2006, Rogers stood close to the locker room door for an extended period of time while Plaintiff was changing in the locker room.

ANSWER:


5.  Admit that on June 30, 2006, Rogers said to Plaintiff, "I want to see you in those underwear."
ANSWER:


6.  Admit that on June 30, 2006, Rogers sent a graphic picture of his penis to Plaintiff's cellular telephone.
ANSWER:


7.  Admit that on August 16, 2006, Rogers signed and issued a written warning to Plaintiff.
ANSWER:


8.  Admit that on August 17, 2006, Plaintiff called Defendant's human resources office and complained about ROGERS' harassment.
ANSWER:


9.  Admit that throughout July and August of 2006, Lenny Brown criticized Plaintiff's work and ridiculed her in front of other employees.
ANSWER:


10. Admit that during July of 2006, Plaintiff complained to Rogers numerous times about Lenny Brown's daily ridicule.
ANSWER:


11. Admit that during August of 2006, Plaintiff complained to Rogers numerous times about Lenny Brown's daily ridicule.
ANSWER:


12. Admit that whenever Plaintiff complained to Rogers about Lenny Brown, Rogers yelled at Plaintiff, saying she needed to work the problem out with Lenny herself.
ANSWER


13. Admit that on August 16, 2006, Rogers gave Plaintiff a copy of the anti-harassment policy and asked Plaintiff to sign it.

ANSWER:


14. Admit that on August 16, 2006, Plaintiff was given a copy of Defendant's anti-harassment policy for the first time.
ANSWER:


15. Admit that on August 16, 2006, Plaintiff was issued two disciplinary notices.
ANSWER:


16. Admit that on August 12, 2006, Lenny Brown did not attend the mandatory training class.
ANSWER:


17. Admit that on August 12, 2006, Robert Toscano did not attend the mandatory training class.
ANSWER:


18. Admit that Lenny Brown was not disciplined for missing the training class on August 12, 2006.
ANSWER:


19. Admit that Robert Toscano was not disciplined for missing the training class on August 12, 2006.
ANSWER:


20. Admit that Plaintiff was issued a three day suspension on September 15, 2006.
ANSWER:


20. Admit that Rogers has signed, authored of issued at least one disciplinary notice to an employee of Defendant during his employment with Defendant.
ANSWER:


21. Admit that Rogers has issued at least one verbal or oral reprimand to a an employee of Defendant during his employment with Defendant.
ANSWER:

22. Admit that Rogers has assigned work duties to at least one employee of Defendant during his employment with Defendant.
ANSWER:

23. Admit that Rogers has prepared or signed a performance evaluation for at least one employee of Defendant during his employment with Defendant.
ANSWER:

24. Admit that Rogers has provided input with respect to the performance evaluation of at least one employee of Defendant during his employment with Defendant.
ANSWER

25. Admit that Rogers assigned work duties to Plaintiff sometime during Plaintiff's employment with Defendant.
ANSWER:

26. Admit that Rogers provided input into at least one of Plaintiff's performance evaluations.
ANSWER:

27. Admit that Rogers issued Plaintiff at least one verbal reprimand during Plaintiff's employment with Defendant.
ANSWER:

28. Admit that Rogers approved or denied Plaintiff's vacation request at least once during Plaintiff's employment with Defendant.
ANSWER:

29. Admit that Rogers disciplined Plaintiff at least once during Plaintiff's employment with Defendant.
ANSWER:

30. Admit that Rogers approved or denied Plaintiff's request to work overtime at least once during Plaintiff's employment with Defendant.
ANSWER:

31. Admit that Rogers approved or denied Plaintiff's request for time off at any at least once during Plaintiff's employment with Defendant.
ANSWER:

32. Admit that Rogers approved Plaintiff's time card, punch card or time sheet at least once during Plaintiff's employment with Defendant.
ANSWER:

33. Admit that Rogers signed at least one performance evaluation issued to Plaintiff during her employment with Defendant.
ANSWER:

34. Admit that Rogers provided input into at least one performance evaluation issued to Plaintiff during her employment with Defendant.
ANSWER:

35. Admit that Rogers provided input into at least one disciplinary notice issued to Plaintiff during her employment with Defendant.
ANSWER:

36. Admit that Rogers signed at least one disciplinary notice issued to Plaintiff during her employment with Defendant.
ANSWER:

37. Admit that Rogers gave Plaintiff at least one disciplinary notice during her employment with Defendant.
ANSWER:

38. Admit that Rogers was a supervisor under Title VII with respect to Plaintiff.
ANSWER:

Respectfully Submitted,
Ida Tucker
By: _____
One of Plaintiff's Attorneys

Uche O. Asonye- 6209522
Mark Pando - 6283683
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (f)

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 15th day of January 2008, served a true and accurate copy of the foregoing **PLAINTIFF IDA TUCKER'S FIRST SET OF PRODUCTION REQUESTS DIRECTED TO DEFENDANT, WHELAN SECURITY COMPANY** to Defendant by e-mail and first class mail to the following:

Alisa B. Arnoff, Esq.
Scalambrino & Arnoff, LLP
1 North LaSalle Street, Suite 1600
Chicago, Illinois 60602
aba@sacounsel.com

Respectfully Submitted,
Ida Tucker,

One of her attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110