# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IDA TUCKER, | ) |
| | ) |
| Plaintiff, | ) CASE NO. 1:07-cv-6449 |
| | ) |
| v. | ) JUDGE ANDERSEN |
| | ) |
| WHELAN SECURITY OF ILLINOIS, INC., | ) |
| WHELAN SECURITY COMPANY, and | ) |
| FRED ROGERS | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT WHELAN SECURITY COMPANY'S RESPONSES TO PLAINTIFF IDA TUCKER'S FIRST SET OF REQUESTS TO ADMIT

Defendant, Whelan Security Company, pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Request for Admissions:

### GENERAL OBJECTION

Plaintiff has included an improper party, Whelan Security Company, as a defendant. Plaintiff was employed by Whelan Security of Illinois, Inc., and not by Whelan Security Company. The naming of Whelan Security Company as a defendant is inaccurate and confusing. This general objection stands for each and every one of Whelan Security Company's responses to Plaintiff's First Request for Admissions.

## RESPONSES

1. Admit that on June 23, 2006, Fred Rogers ("Rogers") showed Tucker a graphic picture of his penis that was on his cellular telephone.

**ANSWER:**

Whelan Security Company admits that during the course of Whelan Security of Illinois, Inc.'s ("Whelan of Illinois") investigation of Plaintiff's complaint, Fred Rogers ("Rogers") admitted to Alvin Hargrove that he showed Plaintiff a picture of his penis (the "picture"). Answering further, after making reasonable inquiry, the information that Whelan Security Company knows, or that it can readily obtain, is insufficient to enable it to admit or deny the remaining statements in Requests for Admission ("RFA") No. 1, and therefore, it denies the remaining statements. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

2. Admit that on June 23, 2006, Rogers telephoned Plaintiff at work and asked, "Are you still speechless about my picture that I showed you?"

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 2, and it therefore denies the same. Answering further, Whelan Security Company states that Plaintiff never complained to Whelan of Illinois about the conduct alleged in RFA No. 2. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

3. Admit that on June 23, 2006, Rogers telephoned Plaintiff again on her personal cell phone and asked Plaintiff, "What are you doing tonight? Do you drink?"

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 3, and it therefore denies the same. Answering further, Whelan Security Company states that Plaintiff never complained to Whelan of Illinois about the conduct alleged in RFA No. 3. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

4. Admit that on June 30, 2006, Rogers stood close to the locker room door for an extended period of time while Plaintiff was changing in the locker room.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 4, and it therefore denies the same. Answering further, Whelan Security Company states that Plaintiff never complained to Whelan of Illinois about the conduct alleged in RFA No. 4. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

5.  Admit that on June 30, 2006, Rogers said to Plaintiff, "I want to see you in those underwear."

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 5, and it therefore denies the same. Answering further, Whelan Security Company states that Plaintiff never complained to Whelan of Illinois about the conduct alleged in RFA No. 5. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

6.  Admit that on June 30, 2006, Rogers sent a graphic picture of his penis to Plaintiff's cellular telephone.

**ANSWER:**

Whelan Security Company admits that during the course of Whelan of Illinois' investigation of Plaintiff's complaint, it determined that Rogers sent the picture to Plaintiff's cell phone. Answering further, Whelan Security Company states that Plaintiff did not report that Rogers sent the picture to her cellular phone to Whelan of Illinois until August 18, 2006. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

7.  Admit that on August 16, 2006, Rogers signed and issued a written warning to Plaintiff.

**ANSWER:**

Admit.

8.   Admit that on August 17, 2006, Plaintiff called Defendant's human resources office and complained about ROGERS' harassment.

**ANSWER:**

Whelan Security Company admits that on or about August 17, 2006, Plaintiff called Whelan of Illinois' office and spoke to Michael Seldin, Branch Manager. Mr. Seldin referred the complaint to Alvin Hargrove. Answering further, Whelan Security Company specifically denies that Plaintiff complained about Rogers' harassment or any conduct by Rogers in her call to Whelan of Illinois' office on August 17, 2006. Rather, Plaintiff confined her comments to alleged harassment by Lenny Brown.

9.   Admit that throughout July and August of 2006, Lenny Brown criticized Plaintiff's work and ridiculed her in front of other employees.

**ANSWER:**

Deny.

10.  Admit that during July of 2006, Plaintiff complained to Rogers numerous times about Lenny Brown's daily ridicule.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 10, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

5

11. Admit that during August of 2006, Plaintiff complained to Rogers numerous times about Lenny Brown's daily ridicule.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 11, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

12. Admit that whenever Plaintiff complained to Rogers about Lenny Brown, Rogers yelled at Plaintiff, saying she needed to work the problem out with Lenny herself.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 12, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

13. Admit that on August 16, 2006, Rogers gave Plaintiff a copy of the anti-harassment policy and asked Plaintiff to sign it.

**ANSWER:**

Whelan Security Company admits that Mr. Rogers gave Plaintiff an additional copy of Whelan of Illinois' anti-harassment policy and asked her to sign it. Answering further, Whelan Security Company states that Mr. Rogers gave the policy to Plaintiff by a directive from Mr. Hargrove of

Whelan of Illinois, because Mr. Hargrove wanted Plaintiff to have a copy of Whelan of Illinois' policy when he discussed her complaints with him.

14. Admit that on August 16, 2006, Plaintiff was given a copy of Defendant's anti-harassment policy for the first time.

**ANSWER:**

Deny. Answering further, Whelan Security Company states that Plaintiff first received a copy of Whelan of Illinois' anti-harassment policy on or about August 10, 2005.

15. Admit that on August 16, 2006, Plaintiff was issued two disciplinary notices.

**ANSWER:**

Whelan Security Company admits that Plaintiff received two Employee Counseling Records from Whelan of Illinois on August 16, 2006; the first was a verbal warning for being 1.5 hours late to a Whelan of Illinois' training meeting, and the second was a written warning for failing to properly brief Mr. Brown when he relieved her shift.

16. Admit that on August 12, 2006, Lenny Brown did not attend the mandatory training class.

**ANSWER:**

Whelan Security Company admits that Lenny Brown did not attend Whelan of Illinois' training session on August 12, 2006. Answering further, Whelan Security Company states that Mr. Brown was excused from that particular training session and attended a subsequent session.

7

17. Admit that on August 12, 2006, Robert Toscano did not attend the mandatory training class.

**ANSWER:**

Whelan Security Company admits that Robert Toscano did not attend Whelan of Illinois' training on August 12, 2006. Answering further, Whelan Security Company states that Mr. Toscano was excused from that particular training session and attended a subsequent session.

18. Admit that Lenny Brown was not disciplined for missing the training class on August 12, 2006.

**ANSWER:**

Whelan Security Company admits that Lenny Brown was not disciplined for missing Whelan of Illinois' training session on August 12, 2006. Answering further, Whelan Security Company states that Mr. Brown was excused from that particular training session and attended a subsequent session.

19. Admit that Robert Toscano was not disciplined for missing the training class on August 12, 2006.

**ANSWER:**

Whelan Security Company admits that Robert Toscano was not disciplined for missing Whelan of Illinois' training session on August 12, 2006. Answering further, Whelan Security Company states that Mr. Toscano was excused from that particular training session and attended a subsequent session.

8

20. Admit that Plaintiff was issued a three day suspension on September 15, 2006.

**ANSWER:**

Whelan Security Company admits that Plaintiff was issued a three-day suspension from Whelan of Illinois on September 15, 2006.

21. Admit that Rogers has signed, authored of issued (sic) at least one disciplinary notice to an employee of Defendant during his employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Rogers signed, authored or issued at least one disciplinary notice to an employee of Whelan of Illinois during his employment with Whelan of Illinois.

22. Admit that Rogers has issued at least one verbal or oral reprimand to an employee of Defendant during his employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Rogers issued at least one verbal or oral reprimand to an employee of Whelan of Illinois during his employment with Whelan of Illinois.

23. Admit that Rogers has assigned work duties to at least one employee of Defendant during his employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Rogers assigned work duties to at least one employee of Whelan of Illinois during his employment with Whelan of Illinois.

24. Admit that Rogers has prepared or signed a performance evaluation for at least one employee of Defendant during his employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 24, and it therefore denies the same. Answering further, in the normal course of Whelan of Illinois' business, a site manager for Whelan of Illinois, such as Rogers, would prepare performance evaluations for new employees at approximately 30 days and 90 days, and for other employees on a yearly basis. As of January 31, 2008, Whelan of Illinois no longer provides security services to the building located at 550 W. Washington at which Rogers was the site manager, and any performance evaluations would be on-site at 550 W. Washington. Whelan of Illinois is attempting to obtain access to any such records, and Whelan Security Company reserves the right to supplement its response to this RFA at that time.

25. Admit that Rogers has provided input with respect to the performance evaluation of at least one employee of Defendant during his employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 25, and it therefore denies the same. Answering further, in the normal course of Whelan of Illinois' business, a site manager for Whelan of Illinois, such as Rogers, would prepare performance evaluations for new employees at approximately 30 days and 90 days, and for other employees on a yearly basis. As of January 31, 2008, Whelan of Illinois no longer provides security services to the building

located at 550 W. Washington at which Rogers was the site manager, and any performance evaluations would be on-site at 550 W. Washington. Whelan of Illinois is attempting to obtain access to any such records, and Whelan Security Company reserves the right to supplement its response to this RFA at that time. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

26. Admit that Rogers assigned work duties to Plaintiff sometime during Plaintiff's employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Rogers assigned work duties to Plaintiff sometime during Plaintiff's employment with Whelan of Illinois.

27. Admit that Rogers provided input into at least one of Plaintiff's performance evaluations.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 27, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

28. Admit that Rogers issued Plaintiff at least one verbal reprimand during Plaintiff's employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Rogers, while an employee of Whelan of Illinois, issued an Employee Counseling Record of a verbal warning to Plaintiff on August 16, 2006, for being 1.5 hours late to a Whelan of Illinois' training meeting.

29. Admit that Rogers approved or denied Plaintiff's vacation request at least once during Plaintiff's employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 29, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

30. Admit that Rogers disciplined Plaintiff at least once during Plaintiff's employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Plaintiff received two Employee Counseling Records from Whelan of Illinois, signed by Rogers; the first was a verbal warning for being 1.5 hours late to a Whelan of Illinois' training meeting, and the second was a written warning for failing to properly brief Mr. Brown when he relieved her shift.

31. Admit that Rogers approved or denied Plaintiff's request to work overtime at least once during Plaintiff's employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 31, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

32. Admit that Rogers approved or denied Plaintiff's request for time off at any at least once during Plaintiff's employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 32, and it therefore denies the same. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

33. Admit that Rogers approved Plaintiff's time card, punch card or time sheet at least once during Plaintiff's employment with Defendant.

**ANSWER:**

Deny. It was not within Mr. Rogers' job responsibilities with Whelan of Illinois to approve Plaintiff's time; he was merely responsible for sending the security officers' time cards to the Whelan of Illinois' branch office.

34. Admit that Rogers signed at least one performance evaluation issued to Plaintiff during her employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 34, and it therefore denies the same. Answering further, in the normal course of Whelan of Illinois' business, a site manager for Whelan of Illinois, such as Rogers, would prepare performance evaluations for new employees at approximately 30 days and 90 days, and for other employees on a yearly basis. As of January 31, 2008, Whelan of Illinois no longer provides security services to the building located at 550 W. Washington at which Rogers was the site manager, and any performance evaluations would be on-site at 550 W. Washington. Whelan of Illinois is attempting to obtain access to any such records, and Whelan Security Company reserves the right to supplement its response to this RFA at that time. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

35. Admit that Rogers provided input into at least one performance evaluation issued to Plaintiff during her employment with Defendant.

**ANSWER:**

After making reasonable inquiry, the information that Whelan Security Company knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 35, and it therefore denies the same. Answering further, in the normal course of Whelan of Illinois' business, a site manager for Whelan of Illinois, such as Rogers, would prepare performance evaluations for new

employees at approximately 30 days and 90 days, and for other employees on a yearly basis. As of January 31, 2008, Whelan of Illinois no longer provides security services to the building located at 550 W. Washington at which Rogers was the site manager, and any performance evaluations would be on-site at 550 W. Washington. Whelan of Illinois is attempting to obtain access to any such records, and Whelan Security Company reserves the right to supplement its response to this RFA at that time. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

36. Admit that Rogers provided input into at least one disciplinary notice issued to Plaintiff during her employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Plaintiff received two Employee Counseling Records from Whelan of Illinois, signed by Rogers; the first was a verbal warning for being 1.5 hours late to a Whelan of Illinois' training meeting, and the second was a written warning for failing to properly brief Mr. Brown when he relieved her shift.

37. Admit that Rogers signed at least one disciplinary notice issued to Plaintiff during her employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Plaintiff received two Employee Counseling Records from Whelan of Illinois, signed by Rogers; the first was a verbal warning for being 1.5 hours late

to a Whelan of Illinois' training meeting, and the second was a written warning for failing to properly brief Mr. Brown when he relieved her shift.

38. Admit that Rogers gave Plaintiff at least one disciplinary notice during her employment with Defendant.

**ANSWER:**

Whelan Security Company admits that Plaintiff received two Employee Counseling Records from Whelan of Illinois, signed by Rogers; the first was a verbal warning for being 1.5 hours late to a Whelan of Illinois' training meeting, and the second was a written warning for failing to properly brief Mr. Brown when he relieved her shift.

39. Admit that Rogers was a supervisor under Title VII with respect to Plaintiff.

**ANSWER:**

Whelan Security Company admits that Fred Rogers was a site supervisor for Whelan of Illinois during certain portions of Plaintiff's employment. Whelan Security Company denies each and every remaining statement of RFA No. 39. Whelan Security Company further states that this RFA is improper as it attempts to seek an admission or denial with respect to a statement that is essentially a legal conclusion.

Respectfully submitted,

/s/ Alisa B. Arnoff
Alisa B. Arnoff
IL ARDC No. 06197379
Scalambrino & Arnoff, LLP
One North LaSalle Street, Suite 1600
Chicago, Illinois 60602
(312) 629-0545 Telephone
(312) 629-0550 (Facsimile)
Email: aba@sacounsel.com

AND

Bradley G. Kafka
*Pro hac vice*
Tiffany B. Kieffer
*Pro hac vice*
GALLOP, JOHNSON & NEUMAN, L.C.
101 South Hanley, Suite 1700
St. Louis, Missouri 63105
(314) 615-6000 (Telephone)
(314) 615-6001 (Facsimile)
Email: bgkafka@gjn.com
Email: tbkieffer@gjn.com

Attorneys for Defendants Whelan Security of Illinois, Inc.
and Whelan Security Company

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via first class mail, postage pre-paid, and via electronic mail, on this 13th day of February 2008 to:

Uche O. Asonye
Scott Fanning
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, IL 60603
Email: scott@aa-law.com

/s/

::ODMA\PCDOCS\SL01\4590613\7

17