# EXHIBIT F

# ASONYE & ASSOCIATES

LAW OFFICE
11 SOUTH LASALLE STREET
SUITE 2140
CHICAGO, ILLINOIS 60603
PHONE: 312-795-9110   FACSIMILE: 312-795-9114
www.aa-law.com

UCHE O. ASONYE
MARK PANDO

uche@aa-law.com
mark@aa-law.com

July 08, 2008

**VIA FACSIMILE & FIRST CLASS MAIL**
Tiffany B. Kieffer, Esq.
Gallop, Johnson & Neumna, L.C.
101 South Hanley, Suite 1700
St. Louis, Missouri 63105

    **RE:**  **Ida Tucker v. Whelan Security Company, et. al.**
          Case No.: 07-cv-06449

Dear Ms. Kieffer:

This letter serves to follow up on our request of February 14, 2008 that Defendants' amend their responses to Ida Tucker's first set of requests to admit facts directed at Whelan Security Company and Whelan Security of Illinois, Inc.

At this time I would like to direct your attention to the enclosed order from the Honorable Judge Shadur wherein he recently denounced the use of the same oxymoronic denials that Defendants included in their responses to Plaintiff's first set of requests to admit:

> Next in the list (in terms of the sequence of appearance, not of importance) is a pervasive flouting of the straightforward requirements of the second sentence of Fed. R. Civ. P. ("Rule") 8(b)(see Answer ¶¶9, 10, 12-17, 22 and 24-28) by stating instead:
>
>> These Defendants are without specific information with which to either admit or deny the allegations of this paragraph of the complaint and, therefore, deny same.
>
> Over and above the obvious failure of that formulation to conform to Rule 8(b)'s clear teaching, the denial of the corresponding SAC allegations is both improper and oxymoronic. How can a party that must assert (presumably in good faith) that it lacks even enough information to form a belief as to the truth of an allegation then proceed to deny it in accordance with Rule 11(b)? (*Brown v. County of Cook*, Case No. 06-cv-00617, R.143 p. 3 (N.D. Ill., June

19, 2008) (Enclosed).

In light of this reasoning we again request that Defendants revise their responses to Plaintiff's first set of requests to admit. Although *Brown v. County of Cook* involved an answer to a complaint, the same basic reasoning and common sense apply to requests to admit. If Defendants do not have sufficient information to truthfully admit or deny any request to admit, they cannot possibly in good faith deny the request. The offending request to admit responses are Whelan Security Company's denials to requests to admit numbers 1-5, 10-12, 24-25, 27, 31-32, and 34-35 and Whelan Security of Illinois, Inc.'s denials to requests to admit numbers 1-5, 10-12, 24-25, 27, 31-32, and 34-35.

Further, we also request that you revise Defendants Whelan Security of Illinois, Inc. and Whelan Security Company's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint ("Defendants' Answer") paragraphs 18-24, 32-34, and 41 for the same reasons stated above.

As such, I ask that you revise your responses to Plaintiff's first set of requests to admit and Defendants' Answer so that we can avoid judicial intervention in this matter. If Defendants do not have sufficient information to truthfully admit or deny a request to admit or a paragraph in Plaintiff's Complaint, we ask that you comply with the federal rules and not deny the same.

Very truly yours,

Scott Fanning

/enclosure

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS BROWN,                         )
                                      )
                 Plaintiff,           )
                                      )
     v.                               )   No.  06 C 617
                                      )
COUNTY OF COOK, et al.,               )
                                      )
                 Defendants.          )

MEMORANDUM ORDER

Enough is enough--or in this instance, enough is too much. After a number of years spent in issuing a distressingly large number of sua sponte opinions dealing with violations of fundamental principles of federal pleading by defense counsel, this Court issued an Appendix to its opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001) that addressed a number of the most-often-repeated errors. That publication simplified somewhat the corrective tasks undertaken by this Court in issuing such opinions, while at the same time lessening the burden on its secretary--it was now possible simply to cite the <u>State Farm</u> Appendix without having to repeat the substantive discussion there.

When the same fundamental mistakes continued to appear in responsive pleadings filed in cases on this Court's calendar, it took the step of publishing the message quoted in the next sentence as the very first substantive entry regarding Case Management Procedures on this Court's website. That message is

set out under the caption "RESPONSIVE PLEADINGS" and, as just indicated, is the first item under the general heading "SPECIAL PROVISIONS":

> Because of widespread inattention by counsel filing responsive pleadings to a number of fundamental principles of federal pleading, Judge Shadur has had occasion to issue an Appendix to the opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) addressing a number of the most-often-repeated errors. All parties and the court will be better served if every defense counsel reviews State Farm BEFORE filing any responsive pleading.

That responsibility on the part of defense counsel should of course be contrasted with the situation of a plaintiff's counsel filing a complaint, where the identity of the judge to whose calendar the case will be assigned is of course unknown. When it comes to the preparation of responsive pleadings, any responsible defense lawyer should certainly take care to learn what is expected by the judge assigned to the case.

All of this is a prelude to addressing the highly unsatisfactory Answer and Affirmative Defenses ("ADs") that have just been filed in response to the Second Amended Complaint ("SAC") brought by Tom Brown. That responsive pleading emanated from members of a law firm that practices in this federal court with some frequency, including the handling of a substantial number of earlier cases assigned to this Court's calendar. And that fact makes the basic errors next discussed even more troubling.

To begin with, Answer ¶¶5, 34 and 38 improperly state that

the corresponding SAC allegations are "legal conclusions for which no answer is required, and are therefore denied." But the first of those is dead wrong (see App. ¶2 to State Farm), and a denial of those allegations for that asserted reason is doubly wrong.

Next in the list (in terms of the sequence of appearance, not of importance) is a pervasive flouting of the straightforward requirements of the second sentence of Fed. R. Civ. P. ("Rule") 8(b) (see Answer ¶¶9, 10, 12-17, 22 and 24-28) by stating instead:

> These Defendants are without specific information with which to either admit or deny the allegations of this paragraph of the complaint and, therefore, deny same.

Over and above the obvious failure of that formulation to conform to Rule 8(b)'s clear teaching, the denial of the corresponding SAC allegations is both improper and oxymoronic. How can a party that must assert (presumably in good faith) that it lacks even enough information to form a _belief_ as to the truth of an allegation then proceed to _deny_ it in accordance with Rule 11(b)?

Finally, several of the ADs that follow the Answer are also problematic. Here are some issues spotted by this Court:

> 1. As for AD 1, it is questionable whether the equivalent of a Rule 12(b)(6) motion is appropriately included as an AD. That aside, however, if there is a desire on defense counsel's part to challenge the legal sufficiency of any portion or all of the SAC, that must be

3

done by a properly supported motion--and must be done promptly, failing which any such challenge will be denied.

2. AD 2 is an unacceptable response to a complaint that asserts violations of 42 U.S.C. §1983 ("Section 1983").

3. AD 3 is inconsistent with the basic concept that underlies Rule 8(c) and its caselaw, requiring the SAC's allegations to be accepted as gospel (see App. ¶5 to State Farm).

4. AD 4 must be fleshed out in an appropriate motion that identifies the asserted "independent intervening cause," failing which that contention will be rejected.

5. AD 5 also plays no role in a Section 1983 action unless defendants were to explain why it is appropriate, once again by a proper motion buttressed by legal support.

6. AD 7 is also plainly inappropriate and inapplicable in the Section 1983 context.

7. As to defendant Michael Sheahan, who is sued in his *individual* capacity, AD 8 is simply wrong.

Because the errors that have been identified here are so widespread, the Answer and ADs are stricken in their entirety. Leave is of course granted to defense counsel to file a self-contained (and proper) responsive pleading on or before July 3, 2008. Defense counsel are ordered (1) to make no charge for the time and expense involved in correcting their errors by filing

4

the new pleading called for here, (2) to pay $500 to the Clerk of Court by reason of their having ignored this Court's website caveat and its reference to State Farm and (3) to notify their clients by letter as to the content of this memorandum order, with a copy of the letter to be transmitted to this Court (solely for informational purposes, not for filing).

/s/ William D. Shadur
Milton I. Shadur
Senior United States District Judge

Date:  June 19, 2008