# EXHIBIT G



**GALLOP, JOHNSON & NEUMAN, L.C.**
*Attorneys and Counselors at Law*

101 South Hanley
Suite 1700
St. Louis, Missouri 63105

Telephone 314-615-6000
Facsimile 314-615-6001
Toll Free  800-330-6635

www.gjn.com

TIFFANY B. KIEFFER
(314) 615-6126
tbkieffer@gjn.com

July 15, 2008

**VIA E-MAIL, SFanning@aa-law.com AND U.S. MAIL**

Mr. Scott Fanning
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, IL 60603

    Re:    **Ida Tucker v. Whelan Security of Illinois, Inc., et al.**

Dear Mr. Fanning:

This letter is in response to your correspondence of July 8, 2008, regarding the responses by Whelan Security Company and Whelan Security of Illinois, Inc. ("Whelan Defendants") to Plaintiff's first requests for admissions and the Whelan Defendants' Answer to Plaintiff's First Amended Complaint.

We have reviewed the opinion that you sent us, as well as the opinion upon which it relies, *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276. While the Honorable Milton Shadur has apparently taken the position that it is improper for a defendant to state that it does not have information to admit or deny an allegation of a complaint and therefore deny it, that position does not seem to have been adopted by any other district judge in the Northern District of Illinois or by the Court of Appeals. (We note that, to our knowledge, no other federal judge has adopted Judge Shadur's position with respect to this point). Therefore, we decline to revise our Answer to the First Amended Complaint, and we will continue to follow the Federal Rules and predominate practice of federal courts, wherein a defendant denies an allegation when it lacks information to form a belief as to its truth.

With respect to your assertion regarding responses to requests for admissions, neither Judge Shadur's decisions, nor any other cases we can locate, state that it is inappropriate for a party who lacks information to deny a request for admission. Not one of Judge Shadur's cases, including *Brown v. County of Cook* and *State Farm v. Riley*, stand for the proposition that the Whelan Defendants would be required to revise their

**GALLOP, JOHNSON & NEUMAN, L.C.**
*Attorneys and Counselors at Law*

Mr. Scott Fanning
July 15, 2008
Page 2 of 2

answers to Plaintiff's discovery. Therefore, we decline to revise Whelan Defendants' responses to Plaintiff's requests for admissions.

If you would like to discuss this matter, please do not hesitate to contact me.

Very truly yours,

Tiffany B. Kieffer

cc:   Alisa Arnoff

::ODMA\PCDOCS\SL01\4620873\2