IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IDA TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:07-cv-6449 |
| | ) | |
| v. | ) | |
| | ) | JUDGE ANDERSEN |
| | ) | |
| WHELAN SECURITY OF ILLINOIS, INC., | ) | |
| WHELAN SECURITY COMPANY, and | ) | |
| FRED ROGERS, | ) | MAGISTRATE KEYS |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS WHELAN SECURITY OF ILLINOIS, INC. AND
WHELAN SECURITY COMPANY RESPONSE TO PLAINTIFF'S MOTION TO
DETERMINE THE SUFFICIENCY OF DEFENDANTS WHELAN SECURITY
OF ILLINOIS, INC. AND WHELAN SECURITY COMPANY'S RESPONSES TO
PLAINTIFF'S REQUESTS TO ADMIT**

WHELAN SECURITY OF ILLINOIS, INC. and WHELAN SECURITY COMPANY (the "Whelan Defendants"), by their attorneys, for their Response in Opposition to Plaintiff's Motion to Determine the Sufficiency of Defendants Whelan Security of Illinois, Inc.'s and Whelan Security Company's Responses to Plaintiff's Requests to Admit, state as follows:

**INTRODUCTION**

Plaintiff has filed a Motion to Determine the Sufficiency of the Whelan Defendants' responses to Plaintiff's Requests for Admissions ("Plaintiff's Motion"). Plaintiff's Motion lacks legal foundation. To the Whelan Defendants' knowledge, not one case in the Seventh Circuit, and not one case interpreting the current version of Rule 36 of the Federal Rules of Civil Procedure ("Rules"), including those Plaintiff cites, stands for the proposition Plaintiff asserts: that it is inappropriate for a party who lacks

information to deny a request for admission. Plaintiff issued requests for admission, not close to trial or to narrow the issues to be resolved at trial but rather, at the very commencement of litigation when she was aware the Whelan Defendants would not have access to adverse factual witnesses to obtain full information. Plaintiff's Motion is unrelated to the sufficiency of the Whelan Defendants' responses and instead merely quibbles with their wording. See *McCarthy v. Darman*, 2008 U.S. Dist. LEXIS 47549, *13 (E.D. Penn. 2008) (A party propounding a request for admission may dispute the response of the responding party and "may not even like it, but those feelings alone are not a reason to deem discovery responses to be insufficient"). The Whelan Defendants' responses to Plaintiff's requests for admissions are more than sufficient, and the Whelan Defendants have exceeded their obligations with respect to overall discovery, and specifically with respect to Rule 36. Plaintiff's Motion to determine the sufficiency of the Whelan Defendants' responses to Plaintiff's Requests for Admissions is a waste of the Court's resources, and those of the Whelan Defendants, and it should be denied.

## BACKGROUND

On or about November 14, 2007, Plaintiff Ida Tucker filed a Complaint with this Court, naming Whelan Security of Illinois, Inc., Whelan Security Company and Fred Rogers as defendants. The Complaint includes claims against Whelan Security of Illinois, Inc. and Whelan Security Company which are titled: 1) sexual harassment, 2) "retaliatory discipline, harassment, denial of overtime and inferior terms and conditions of employment" and 3) quid pro quo sexual harassment and sex discrimination. On January 4, 2008, the Whelan Defendants timely filed an Answer to the Plaintiff's Complaint. Plaintiff then filed a First Amended Complaint, on or about January 22,

2008, correcting various typographical errors and spelling of names. The Whelan Defendants timely filed their Answer to the First Amended Complaint on or about January 31, 2008.

Although no case management order was in place, on or about January 15, 2008, Plaintiff propounded Requests for Admissions to the Whelan Defendants.[1] The Whelan Defendants timely responded to Plaintiff's Requests for Admissions, on February 13, 2008. (Plaintiff's Motion, Exhibits B-C) On or about February 14, 2008, Plaintiff's counsel wrote to counsel for the Whelan Defendants, requesting that the Whelan Defendants revise their responses to some of Plaintiff's requests for admission. (Plaintiff's Motion, Exhibit D) On February 22, 2008, counsel for the Whelan Defendants responded, and stated that the Whelan Defendants believed their responses to be proper, but requested that Plaintiff's counsel provide any authority that would suggest otherwise and offered to review that authority. (Plaintiff's Motion, Exhibit E)

Approximately five months later, on or about July 8, 2008, Plaintiff's counsel again wrote to counsel for the Whelan Defendants regarding their responses to Plaintiff's requests for admission (Plaintiff's Motion, Exhibit F), and cited to a recent district court Memorandum Order, *Brown v. County of Cook*, 2008 U.S. Dist. LEXIS 47576 (N.D. Ill. 2008). After extensive research, counsel for the Whelan Defendants responded to Plaintiff's counsel on July 15, 2008, and stated that the Whelan Defendants would not amend their responses to Plaintiff's requests for admissions because not one case in the Seventh Circuit, including *Brown v. County of Cook* and the case upon which it relied *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001), states that it is

---

[1] Plaintiff and Whelan Defendants agreed to voluntarily exchange written discovery on January 31, 2008, even though no case management order was in place.

3

inappropriate for a party who lacks information to deny a request for admission. (Plaintiff's Motion, Exhibit G)

On July 18, 2008, Plaintiff's counsel contacted counsel for the Whelan Defendants by telephone for the first time to discuss the issue. Shortly after the telephone call, Plaintiff's counsel sent counsel for the Whelan Defendants an e-mail (Exhibit 1, attached hereto), purportedly to memorialize the telephone conversation. Counsel for the Whelan Defendants responded and added additional details of the conversation. (Exhibit 2, attached hereto) In the e-mail of July 18, 2008, counsel for the Whelan Defendants again noted that she could not find any case in the Seventh Circuit to support the proposition that it was improper for a party that lacks information to deny a request for admission. She again requested (as she had during the telephone conversation and in her correspondence of February 22, 2008) that Plaintiff's counsel provide her with applicable legal authority, and she again offered to review and discuss any such authority. Plaintiff's counsel did not respond to this request and did not provide any supporting legal authority. Nevertheless, on July 21, 2008, Plaintiff's counsel filed the instant motion.

## ARGUMENT

### I.  The Role of Rule 36 of the Federal Rules of Civil Procedure

Under Rule 36, "a party may serve on any other party a written request to admit…" Fed.R.Civ.P. 36(a). Rule 36 "is not a discovery device but rather a procedure for obtaining admissions for the record of facts already known by the seeker." *Anderson v. City of Wood Dale*, 1997 U.S. Dist. LEXIS 790, *4 (N.D. Ill. 1997). The purpose of requests for admissions under Rule 36 is "to allow parties to narrow the issues to be

4

resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *Id.*; see also *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). Therefore, "**requests for admission typically come late in discovery** … **and trial is imminent**." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3rd Cir. 1992) (emphasis added).

   II.   **Plaintiff has failed to cite to any authority to support her claim that it is inappropriate for a party who lacks information to deny a request for admission.**

In support of Plaintiff's Motion, Plaintiff has cited *Brown v. County of Cook*, 2008 U.S. Dist. LEXIS 47576 (N.D. Ill. 2008) and the case upon which it relies, *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276 (N.D. Ill. 2001). These cases only address pleadings under Rule 8 and do not purport to discuss admissions under Rule 36 (or any discovery issues, for that matter). In both cases, the Honorable Milton Shadur lists perceived "common flaws" that appear in defendants' answers and affirmative defenses to plaintiffs' complaints pursuant to Fed.R.Civ.P. 8. Since 2001, *State Farm v. Riley* has been cited 131 times. Of the 131 times, 120 were by Judge Shadur, and all 120 of Judge Shadur's opinions pertain to perceived flaws in a defendant's answer and affirmative defenses to a plaintiff's complaint under Rule 8. The other 11 cases citing to *State Farm v. Riley* all also point out perceived deficiencies in a defendant's responsive pleading under Rule 8.[2]

---

[2] The eleven cases, not authored by Judge Shadur, are: *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir. 2002) (Defendant's proposed amendment to its affirmative defenses were "superfluous"); *Rexam Beverage Can Co. v. Bolger*, 2008 U.S. Dist. LEXIS 5096, *20 (N.D. Ill. 2008) (responding to an allegation in a complaint that a document "speaks for itself" is improper); *Rudzinkski v. Metro. Life Ins. Co.*, 2007 U.S. Dist. LEXIS 75668, *11 (N.D. Ill. 2007) (same); *McGrath v. Godshalk*, 2007 U.S. Dist. LEXIS 69813, *34 (N.D. Ind. 2007) (the response to an allegation of a complaint of "the

Neither of the cases cited by Plaintiff, nor any case that relies upon *State Farm v. Riley*, stand for the proposition that it is inappropriate for a party who lacks information to deny a request for admission. In her motion, Plaintiff has not cited a single case that supports her contention that *State Farm* applies to discovery or that it is inappropriate for a party who lacks information to deny a request for admission. This is not surprising, because as far as the Whelan Defendants are aware, no such case exists in the Seventh Circuit. In fact, as far as the Whelan Defendants are aware, there has never been a case since the inception of the "modern" Rule 36 in 1970 in which any court has found that a response to a request for admission was insufficient because the responding party noted that it had insufficient knowledge and therefore denied the proffered statement. Plaintiff is asking the Court to take an action without legal authority on this issue.

---

document speaks for itself" is not provided for under Rule 8); *Holzer v. Prudential Equity Group, LLC*, 520 F.Supp.2d 922, 928 (N.D. Ill. 2007) (refusing to answer an allegation in a complaint because it contains a "legal conclusion" does not comply with Rule 8); *Ind. Reg'l Council of Carpenters Pension Trust Fund v. Fid. & Deposit Co. of Md.*, 2006 U.S. Dist. LEXIS 82715, *6 (N.D. Ind. 2006) (a response to an allegation in a complaint that a document "speaks for itself" is insufficient under the Federal Rules); *Reis Robotics USA, Inc. v. Concept Indus.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006) (the affirmative defenses of laches, waiver, estoppel and unclean hands must be plead with specificity); *Divane v. Sonak Elec. Contrs.*, 2006 U.S. Dist. LEXIS 64041, *5 (N.D. Ill. 2006) (defendant's response to an allegation in its answer that it lacked knowledge or information sufficient to form a belief as to the truth of an allegation in plaintiff's complaint is deemed a denial pursuant to Rule 8); *Donnelly v. Frank Shirley Cadillac, Inc.*, 2005 U.S. Dist. LEXIS 22158 (N.D. Ill. 2005) (responding to an allegation in a complaint that a document "speaks for itself," refusing to respond to an allegation because it contains a "legal conclusion," or demanding "strict proof" is unacceptable); *Builders Bank v. First Bank & Trust Co.*, 2004 U.S. Dist. LEXIS 5016, *17 (N.D. Ill. 2004) (in a responsive pleading, stringing together a long list of legal defenses is not sufficient to satisfy Rule 8); and *In Re: Kmart Corp.*, 318 B.R. 409, 414 (Bankr. N.D. Ill. 2004) (bare bones affirmative defenses are not sufficient).

**III.     The responses of the Whelan Defendants to Plaintiff's Requests for Admission are more than sufficient**

The Whelan Defendants' responses to Plaintiff's requests for admission exceed the Rules' requirements and are more than sufficient. The sufficiency of the Whelan Defendants' responses is illustrated by Whelan of Illinois' response to Plaintiff's Request for Admission No. 3. Plaintiff's RFA No. 3 states:

> 3.     Admit that on June 23, 2006, Rogers telephoned Plaintiff again on her personal cell phone and asked Plaintiff, "What are you doing tonight? Do you drink?"
>
> ANSWER:     After making reasonable inquiry, the information that Whelan of Illinois knows, or it can readily obtain, is insufficient to enable it to admit or deny RFA No. 3, and it therefore denies the same. Answering further, Whelan of Illinois states that Plaintiff never complained about the conduct alleged in RFA No. 3. Further, Rogers is no longer employed by Whelan of Illinois; and counsel for Whelan of Illinois and Whelan Security Company do not represent Rogers in this matter.

Plaintiff's Request for Admission No. 3 clearly demands that Whelan of Illinois admit to the truth of a conversation that appears to have only taken place between two individuals - the plaintiff and defendant Fred Rogers - with whom the Whelan Defendants cannot communicate except by counsel through the course of this legal proceeding. See, e.g., *Haggie v. Coldwell Banker Real Estate Corp.*, 2007 U.S. Dist. LEXIS 35666, *8 - *9 (N.D. Miss. 2007) (The duty of the responding party is to make "reasonable inquiry" of those persons and documents within the responding party's control). As required by Rule 36, in its response Whelan of Illinois states that, after making reasonable inquiry, the information that Whelan of Illinois knows, or that it can readily obtain, is insufficient to enable it to admit or deny RFA No. 3, and therefore it denies the proffered statement. It then goes beyond its obligation under Rule 36 and

explains that of the two people that would have knowledge of the assertion alleged in RFA No. 3, Plaintiff never complained of the conduct. Further, Whelan of Illinois explains that it no longer employs defendant Rogers, and that Rogers is represented by his own counsel. Since in responding to requests for admissions, Whelan of Illinois provided explanations for its lack of knowledge when it was not required to do so, it is clear that Whelan of Illinois provided a response to RFA No. 3 that goes beyond its obligation under Rule 36.[3] *See* the Advisory Committee Notes to the 1970 Amendment to Fed.R.Civ.P. 36 (Rule 36 only requires that a party state that he has taken steps necessary for reasonable inquiry).

In this case, the Whelan Defendants responded on a timely basis to all discovery requests, even though no case management order was in place. Contrary to the established purpose of Rule 36, Plaintiff did not issue requests for admission near the close of discovery and shortly before trial in order to "narrow the issues" to be resolved at trial, nor did she attempt to identify or eliminate "those matters on which the parties agree." See *Anderson v. City of Wood Dale*, 1997 U.S. Dist. LEXIS 790, *4 (N.D. Ill. 1997). Rather, Plaintiff propounded requests for admissions at a time at which she knew Whelan Defendants would not have access to the relevant factual witnesses in the case to obtain information about the requests. In addition, Plaintiff has moved to determine the

---

[3] While the Whelan Defendants raised no objection to RFA No. 3, and instead responded fully, it is worth noting that Plaintiff was well aware that defendant Rogers was terminated by Whelan of Illinois immediately after she complained about his conduct, and this fact is expressly stated in the Whelan Defendants' pleadings. Accordingly, Plaintiff and her counsel are acutely aware that Whelan Defendants has no access to Plaintiff or defendant Rogers, and therefore could not obtain information pertaining to the requests. The same problem arises in Plaintiff's RFA Nos. 1-5, 10-12, 27, and 31-32. Whelan Defendants respectfully submit that these requests are a misuse of Rule 36, which "is not a discovery device." *Anderson*, at *4.

sufficiency of admission responses with no legal authority whatsoever applicable to requests for admissions.

## CONCLUSION

Plaintiff's objection to the Whelan Defendants' responses has nothing to do with their sufficiency, but is mere quibbling about the wording of the responses. Despite repeated requests, Plaintiff has not provided the Whelan Defendants or this Court with legal authority applicable to requests for admissions that supports her contention that it is inappropriate for a party who lacks information to deny a request for admission. As far as the Whelan Defendants know, under the modern Rule 36, no such authority exists.

In a case in which the responding parties (the Whelan Defendants) have exceeded their obligation under the Federal Rules, both with respect to their willingness to participate in early discovery and with respect to the particular admissions responses in dispute, Plaintiff's Motion wastes the resources of the Court, and those of the Whelan Defendants, and it should be promptly dismissed.

For the reasons stated herein, the Whelan Defendants respectfully request that the Court deny Plaintiff's Motion to Determine the Sufficiency of Whelan Defendants' Responses to Plaintiff's Request for Admissions, and for any further such relief as the Court deem just and proper.

Respectfully submitted,

Alisa B. Arnoff
IL ARDC No. 06197379
Scalambrino & Arnoff, LLP
One North LaSalle Street, Suite 1600
Chicago, Illinois 60602
(312) 629-0545 Telephone
(312) 629-0550 (Facsimile)
Email: aba@sacounsel.com

AND

    */s/ Tiffany B. Kieffer*
Bradley G. Kafka
*Pro hac vice*
Tiffany B. Kieffer
*Pro hac vice*
GALLOP, JOHNSON & NEUMAN, L.C.
101 South Hanley, Suite 1700
St. Louis, Missouri 63105
(314) 615-6000 (Telephone)
(314) 615-6001 (Facsimile)
Email: bgkafka@gjn.com
Email: tbkieffer@gjn.com

Attorneys for Defendants Whelan Security of Illinois, Inc. and Whelan Security Company

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have served a copy of this Response in Opposition to Plaintiff's Motion upon all counsel of record by filing it with the Clerk of the District Court for the Northern District of Illinois by using the CM/ECF system, on August 11, 2008.

    */s/ Alisa B. Arnoff*